AT the instance, and with the consent of James M. Johns, an attorney of this court, a rule was laid on him to show cause why the sum of $52 70 in his hands, as the attorney of Henry Thomas, should not be paid over.
Mr. Johns stated upon affidavit, that the money had been paid to him, as the attorney of Thomas, in a suit which resulted in a reference, award and judgment against Edward Sheppard, administrator of John Miles, deceased. That since the money was so received by *Page 420 
him, an attachment had been laid in his hands, from a justice of the peace, at the suit of John Allen, against Henry Thomas, requiring him to appear and answer as the garnishee of said Thomas.
The question was, whether the said fund was liable to be attached in the hands of the attorney. (Dougl. Rep., 269.)
Mr. T. F. Bayard argued — 1. An attachment will not lie against a mere trustee. (Plunkett vs. Le Huray, 4 Harr. Rep., 436.) An attorney is to be regarded as the trustee of his client, and monies collected by him, are to be considered as subject to a resulting trust for the use of the client.
2. Can an officer of the Superior Court be compelled to answer, under oath, to an attachment, for property received by him under an order ofcourt, and as an officer thereof? Money paid into the hands of an officer of the court is subject to its order, which may be made evenafter an attachment taken before a justice of the peace; and the jurisdiction and authority of this court are paramount and summary. (3Serg. on For. Att., 98.)
3. By the implication from the text of Judge Sargent, it seems most decidedly to have been his opinion, that it was necessary for the money to pass out of the hands of the attorney, before it can be attached.
It is competent for this court to make such rules in relation to their own officers, as shall seem to be demanded by public policy and convenience, and in accordance with the general spirit of law and equity. It will lead to great inconvenience, if attorneys of this court, into whose hands monies are every day paid for the use of their clients and other trust purposes, are to be compelled to answer to attachments issued by justices of the peace from all parts of the county, even in conflict with the orders of, and necessary attendance upon this court.
4. Can an attorney, an officer of this court, be compelled to answer under oath, and disclose facts relating to his client's affairs, without conflict with the rule relating to the exclusion of confidental communications between counsel and client.
The Court, after consideration, but without delivering an opinion, made the rule absolute. *Page 421